T.C. Memo. 2002-140


UNITED STATES TAX COURT


DAVID AND THERESA SMETON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4671-01L.          Filed June 3, 2002.


David and Theresa Smeton, pro sese.

<u>Wendy S. Harris</u> and <u>Sheara L. Gelman</u>, for respondent.


MEMORANDUM OPINION


ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court on respondent's Motion For Summary Judgment And To Impose A Penalty Under I.R.C. Section 6673, filed pursuant to Rule 121.[1] Respondent contends that there is no dispute as to any material

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

fact with respect to this levy action, and that respondent's determination to proceed with collection of petitioners' outstanding tax liabilities for 1997 should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

As explained in detail below, there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Accordingly, we shall grant respondent's motion for

summary judgment.

Background

A. Petitioners' Form 1040 for 1997

On or about April 15, 1998, petitioners David and Theresa Smeton (petitioners) submitted to respondent a Form 1040, U.S. Individual Income Tax Return, for the taxable year 1997. On their Form 1040, petitioners listed their filing status as "married filing joint return" and described their occupations as "tile setter" and "housewife", respectively.[2]

Petitioners entered zeros on applicable lines of the income portion of their Form 1040, specifically including line 7 for wages, line 22 for total income, and lines 32 and 33 for adjusted gross income. Petitioners also entered a zero on line 53 for total tax. Petitioners then claimed a refund in the amount of $1,804, which amount was equal to the Federal income tax that had been withheld from their wages.

Petitioners attached to their Form 1040 four Wage and Tax Statements, Forms W-2. The first Form W-2 was from Arizona Charlies, Inc. of Las Vegas, Nevada; it disclosed the payment of wages to petitioner Theresa Smeton in the amount of $18,160.03 and the withholding of Federal income tax in the amount of

---

[2] Petitioners' description of Theresa Smeton's occupation as a housewife appears to be inconsistent with the Wage and Tax Statement, Form W-2, that was issued to her. This Wage and Tax Statement is described infra in the text.

$20.56.  The second Form W-2 was from Carrara Marble Co. of America of Rosemead, California; it disclosed the payment of wages to petitioner David Smeton in the amount of $27,072.85 and the withholding of Federal income tax in the amount of $1,054.23. The third Form W-2 was from Builders Showcase Interiors of San Diego, California; it disclosed the payment of wages to petitioner David Smeton in the amount of $5,324.31 and the withholding of Federal income tax in the amount of $652.13.  The fourth Form W-2 was from Marbico Marble and Tile Co. of Las Vegas, Nevada; it disclosed the payment of wages to petitioner David Smeton in the amount of $3,122.88 and the withholding of Federal income tax in the amount of $76.75.

Petitioners also attached to their Form 1040 a 2-page typewritten statement that stated, in part, as follows:

> I, <u>David Smeton</u>, am submitting this as part of my 19<u>97</u> income tax return, even though I know that no section of the Internal Revenue Code:
>
> 1) Establishes an income tax "liability" * * * ;
>
> 2) Provides that income taxes "have to be paid on the basis of a return" * * * .
>
> 3) In addition to the above, I am filing even though the "Privacy Act Notice" as contained in a 1040 booklet clearly informs me that I am not required to file.  It does so in at least two places:
>> a) In one place, it states that I need only file a return for "any tax" I may be "liable" for.  Since no Code Section makes me "liable" for income taxes, this provision notifies me that I do not have to file an income tax return.
>
> * * * * * * *

6) Please note, that my 19<u>97</u> return also constitutes a claim for refund pursuant to Code Section 6402.

7) It should also be noted that I had "zero" income according to the Supreme Court's definition of income * * * .

8) I am also putting the IRS on notice that my 19<u>97</u> tax return and claim for refund does not constitute a "frivolous" return pursuant to Code Section 6702.

*    *    *    *    *    *    *

10) In addition, don't notify me that the IRS is "changing" my return, since there is no statute that allows the IRS to do that.  You might prepare a return (pursuant to Code Section 6020(b), where no return is filed, but as in this case, a return has been filed, no statute authorizes IRS personal [sic] to "change" that return.

*    *    *    *    *    *    *

The word "income" is not defined in the Internal Revenue Code. * * * But, as stated above, it can only be a derivative of corporate activity.  * * *

B.  Respondent's Deficiency Notice and Petitioners' Response

On October 8, 1999, respondent issued a joint notice of deficiency to petitioners.  In the notice, respondent determined a deficiency in the amount of $17,471 in petitioners' Federal income tax for 1997 and an accuracy-related penalty under section 6662(a) for negligence or disregard of rules or regulations in the amount of $3,133.40.[3]  The deficiency was based principally

---

[3]  Insofar as petitioners' ultimate tax liability was concerned, respondent gave petitioners credit for the amounts withheld from their wages.  However, we note that the determination of a statutory deficiency does not take such withheld amounts into account.  See sec. 6211(b)(1).

on respondent's determination that petitioners failed to report (1) wage income in the amount of $53,678 (as reported on the four Forms W-2 described above) and (2) nonemployee compensation in the amount of $27,941 (as reported by Carpet Max on a Form 1099-NEC).[4]

By registered letter dated January 4, 2000, petitioner Theresa Smeton wrote to the Director of respondent's Service Center in Ogden, Utah, acknowledging receipt of the notice of deficiency dated October 8, 1999, but challenging the Director's authority "to send me the Notice in the first place." Petitioners sent copies of this letter by registered mail to Robert Rubin, Secretary of the Treasury, and Charles O. Rossotti, Commissioner of Internal Revenue.

Petitioners knew that they had the right to contest respondent's deficiency determination by filing a petition for redetermination with this Court.[5] However, petitioners chose not

---

[4] Unlike their wage income, petitioners did not disclose the receipt of nonemployee compensation on their Form 1040 for 1997. In this regard, we note that Federal income tax is not withheld from nonemployee compensation and that petitioners' Form 1040 was essentially nothing other than a claim for refund of all Federal income tax that had been withheld from petitioners' wages.

[5] In this regard, the first sentence of petitioner Theresa Smeton's letter dated Jan. 4, 2000, stated as follows:

> According to your "Deficiency Notice" of above date (cover sheet attached), there is an alleged deficiency with respect to my 1997 income tax of $17,471.00, and
> (continued...)

to do so.  Accordingly, on March 27, 2000, respondent assessed the determined deficiency and accuracy-related penalty, as well as statutory interest.  On that same day, respondent sent petitioners a notice of balance due, informing petitioners that they had a liability for 1997 and requesting that they pay it. Petitioners failed to do so.

On May 1, 2000, respondent sent petitioners a second notice of balance due for 1997.  Once again, petitioners failed to pay the amount owing.

C.  Respondent's Final Notice and Petitioners' Response

On August 31, 2000, respondent sent petitioners a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing (the Final Notice).  The Final Notice was issued in respect of petitioners' outstanding liability for 1997.

On September 14, 2000, petitioners submitted to respondent a Form 12153, Request for a Collection Due Process Hearing. Petitioners requested that the Appeals Office demonstrate that petitioners are required to pay the amount listed as due in the Final Notice.

---

[5](...continued)
if I wanted to "contest this deficiency before making payment," I must "file a petition with the United States Tax Court."

D.  The Appeals Office Hearing

Prior to an Appeals Office hearing, Appeals Officer Tony Aguiar (the Appeals officer) reviewed Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, with regard to petitioners' taxable year 1997.  A copy of the Form 4340, dated December 27, 2000, is attached to respondent's Motion for Summary Judgment, which was served on petitioners.

On February 15, 2001, the Appeals officer conducted an Appeals Office hearing that petitioners attended.  According to a purported transcript of the hearing prepared by petitioners, petitioners declined to discuss collection alternatives.  Rather, petitioners stated that they wished to challenge their underlying tax liability, and they requested that the Appeals officer provide verification that all applicable laws and administrative procedures were followed in the assessment and collection process.

E.  Respondent's Notice of Determination

On March 9, 2001, respondent sent petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.  The notice stated that the Appeals Office had determined that it was appropriate for respondent to proceed with the collection of petitioners' outstanding tax liability.[6]

---

[6]  The attachment (Form 3193) to the Notice of Determination, which was authored by the Appeals officer, states
                                        (continued...)

F.  Petitioners' Petition

On April 5, 2001, petitioners filed with the Court a petition for lien or levy action seeking review of respondent's notice of determination.[7]  The petition includes allegations that:  (1) The Appeals officer failed to obtain verification from the Secretary that the requirements of any applicable law or administrative procedure were met as required under section 6330(c)(1); (2) petitioners never received a notice and demand for payment; and (3) petitioners were denied the opportunity to challenge (a) the appropriateness of the collection action; and (b) the existence or amount of their underlying tax liability.

G.  Respondent's Motion for Summary Judgment

As indicated, respondent filed a Motion For Summary Judgment And To Impose A Penalty Under I.R.C. Section 6673 asserting that there is no dispute as to a material fact and that respondent is entitled to judgment as a matter of law.  In particular, respondent contends that because petitioners received the notice

_____

[6](...continued)
that "During the Collection Due Process Hearing I provided you a Summary Record of Assessment, which you handed back to me because the Secretary did not sign it."
    At the hearing on respondent's motion, respondent's counsel represented that what was provided to petitioners at the Appeals Office hearing was Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, with regard to petitioners' taxable year 1997.

[7]  At the time that the petition was filed, petitioners resided in Las Vegas, Nevada.

of deficiency dated October 8, 1999, they cannot challenge the existence or amount of their underlying tax liability for 1997 in this proceeding.  Respondent further contends that the Appeals officer's review of Form 4340 with regard to petitioners' account for 1997 satisfied the verification requirement imposed under section 6330(c)(1) and demonstrates that petitioners were issued a notice and demand for payment.  Finally, respondent contends that petitioners' behavior warrants the imposition of a penalty under section 6673.

Petitioners filed an Objection to respondent's motion. Thereafter, pursuant to notice, respondent's motion was called for hearing at the Court's motions session in Washington, D.C.

Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy on the person's property.  Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given

notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters that a person may raise at an Appeals Office hearing. In sum, section 6330(c) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute the tax liability. See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra. Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.

A. Summary Judgment

Petitioners challenge the assessments made against them on the ground that the notice of deficiency dated October 8, 1999, is invalid. However, the record shows that petitioners received the notice of deficiency and disregarded the opportunity to file

a petition for redetermination with this Court.  See sec. 6213(a). It follows that section 6330(c)(2)(B) bars petitioners from challenging the existence or amount of their underlying tax liability in this collection review proceeding.

Even if petitioners were permitted to challenge the validity of the notice of deficiency, petitioners' argument that the notice is invalid because respondent's Service Center director is not properly authorized to issue notices of deficiency is frivolous and groundless.  See Nestor v. Commissioner, 118 T.C. 162, 165 (2002); Goza v. Commissioner, supra.  Further, as the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984).  Suffice it to say that petitioners are taxpayers subject to the Federal income tax, see secs. 1(a)(1), 7701(a)(1), (14), and that compensation for labor or services rendered constitutes income subject to the Federal income tax, sec. 61(a)(1); United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981).

We likewise reject petitioners' argument that the Appeals officer failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1).  The record shows

that the Appeals officer obtained and reviewed a transcript of account (Form 4340) with regard to petitioners' taxable year 1997.

Federal tax assessments are formally recorded on a record of assessment. Sec. 6203. "The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." Sec. 301.6203-1, Proced. & Admin. Regs.

Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein. Roberts v. Commissioner, 118 T.C. ___ n.10 (2002); Weishan v. Commissioner, T.C. Memo. 2002-88; Lindsey v. Commissioner, T.C. Memo. 2002-87; Tolotti v. Commissioner, T.C. Memo. 2002-86; Duffield v. Commissioner, T.C. Memo. 2002-53; Kuglin v. Commissioner, T.C. Memo. 2002-51. In this regard, we observe that the Form 4340 on which the Appeals officer relied contained all the information prescribed in section 301.6203-1, Proced. & Admin. Regs. See Weishan v. Commissioner, supra; Lindsey v. Commissioner, supra; Tolotti v. Commissioner, supra; Duffield v. Commissioner, supra; Kuglin v. Commissioner, supra.[8]

---

[8] To the extent that petitioners may still be arguing that the Appeals officer failed to provide them with a copy of the verification, we note that sec. 6330(c)(1) does not require that the Appeals officer provide the taxpayer with a copy of the
(continued...)

Petitioners have not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the Form 4340. See Davis v. Commissioner, supra at 41; Mann v. Commissioner, T.C. Memo. 2002-48. Accordingly, we hold that the Appeals officer satisfied the verification requirement of section 6330(c)(1). Cf. Nicklaus v. Commissioner, 117 T.C. 117, 120-121 (2001).

Petitioners also contend that they never received a notice and demand for payment for 1997. The requirement that the Secretary issue a notice and demand for payment is set forth in section 6303(a), which provides in pertinent part:

> SEC. 6303(a). General Rule.--Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof * * *.

The Form 4340 that the Appeals officer relied on during the administrative process shows that respondent sent petitioners a notice of balance due on the same date that respondent made assessments against petitioners for the tax and accuracy-related

_____

[8](...continued) verification at the administrative hearing. Nestor v. Commissioner, 118 T.C. 162, 166 (2002). In any event, in the attachment (Form 3193) to the Notice of Determination, the Appeals officer states that he provided petitioners with a Summary Record of Assessment, which they declined to accept "because the Secretary did not sign it."

penalty determined in the notice of deficiency.  A notice of balance due constitutes a notice and demand for payment within the meaning of section 6303(a).  See, e.g., <u>Hughes v. United States</u>, 953 F.2d 531, 536 (9th Cir. 1992); <u>Weishan v. Commissioner</u>, <u>supra</u>; see also <u>Hansen v. United States</u>, 7 F.3d 137, 138 (9th Cir. 1993).

Petitioners have failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded.  Rule 331(b)(4).  In the absence of a valid issue for review, we conclude that respondent is entitled to judgment as a matter of law sustaining the notice of determination dated March 9, 2001.

B.  Imposition of a Penalty Under Section 6673

We turn now to that part of respondent's motion that moves for the imposition of a penalty on petitioners under section 6673.

As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.  The Court has indicated its willingness to impose such penalty in lien and levy cases, <u>Pierson v.</u>

Commissioner, 115 T.C. 576, 580-581 (2000), and has in fact imposed a penalty in several such cases, Roberts v. Commissioner, supra (imposing a penalty in the amount of $10,000); Newman v. Commissioner, T.C. Memo. 2002-___ (imposing a penalty in the amount of $1,000); Yacksyzn v. Commissioner, T.C. Memo. 2002-99 (imposing a penalty in the amount of $1,000); Watson v. Commissioner, T.C. Memo. 2001-213 (imposing a penalty in the amount of $1,500); Davis v. Commissioner, T.C. Memo. 2001-87 (imposing a penalty in the amount of $4,000).

We are convinced that petitioners instituted the present proceeding primarily for delay. In this regard, it is clear that petitioners regard this proceeding as nothing but a vehicle to protest the tax laws of this country and to espouse their own misguided views, which we regard as frivolous and groundless. In short, having to deal with this matter wasted the Court's time, as well as respondent's, and taxpayers with genuine controversies may have been delayed.

Under the circumstances, we shall grant that part of respondent's motion that moves for the imposition of a penalty in that we shall impose a penalty on petitioners pursuant to section 6673(a)(1) in the amount of $1,000.

In order to give effect to the foregoing,

<u>An appropriate order granting</u> <u>respondent's motion and decision</u> <u>for respondent will be entered</u>.